UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD AKBAR SR., | No. 2:23-cv-01326-DJC-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| KAREN RAY SMITH, et al., | |
| Defendants. | |

    Plaintiff, proceeding without counsel, filed a complaint and a motion to proceed in forma pauperis on July 6, 2023. (ECF Nos. 1, 2.) This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). For the following reasons, however, the court will transfer this action to the United States District Court for the Central District of California.

    If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The general federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial

district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, the address set forth for each named defendant is in Los Angeles, California, which is in the Central District of California.[1] In addition, the complaint's allegations involve events that took place in Los Angeles, California. The complaint's allegations do not establish that a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2). Thus, venue does not properly lie in this district. See 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1406(a), a district court may "transfer a case brought in the wrong division or district" if it is "in the interest of justice" to do so. If a district court denies such a transfer in its discretion, then the court must dismiss the suit. 28 U.S.C. § 1406(a). Transfer is generally preferred over dismissal where the plaintiff made an honest mistake as to where the suit could have been brought. E.g., Ali v. Carnegie Inst. of Washington, 967 F. Supp. 2d 1367, 1391 (D. Or. 2013), aff'd, 684 F. App'x 985 (Fed. Cir. 2017). Dismissal is appropriate when the case was deliberately filed in the wrong court through forum shopping, Wood, 705 F.2d at 1523, or if it is clear the complaint could not be amended to state a cognizable claim, see generally Lemon v. Kramer, 270 F.Supp.3d 125, 140 (D. D.C. 2017).

There is no indication that plaintiff deliberately filed this case in the wrong court, and the court is unable to conclude that there are no circumstances under which plaintiff can state a cognizable claim. The court will therefore transfer this action to the Central District of California pursuant to 28 U.S.C. § 1406(a). In transferring this action, this court expresses no opinion regarding the merits of plaintiff's complaint. Plaintiff is instructed to direct any further filings or inquiries related to this case to the United States District Court for the Central District of California. Further documents filed in the Eastern District of California related to this case will be disregarded.

/////

/////

---

[1] Plaintiff's address of record is also in Los Angeles, California.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action, including the pending motion to proceed in forma pauperis, is TRANSFERRED to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a).
2. The Clerk of the Court shall close this case.

Dated: July 14, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Akbar23cv1326.ven